# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# NORTHERN DIVISION

WEBB'S PRODUCE FARMS AND MARKET*                    PLAINTIFF

v.                          No. 3:19-cv-357-DPM

CITY OF MCCRORY* and
WOODRUFF COUNTY*                                    DEFENDANTS

## ORDER

1. Motion to reconsider, *Doc. 10*, denied. Webb's still hasn't provided documentation required by Federal Rule of Civil Procedure 65 for a temporary restraining order. And appointing counsel still isn't warranted.

2. Motion to amend, *Doc. 11*, denied as unnecessary. The Court required an amended complaint, *Doc. 3*, so no motion was needed.

3. The Court must screen the amended complaint. 28 U.S.C. § 1915(e)(2). Webb's has said the defendants want to close down its business. *Doc. 7*. The amended complaint provides particulars. Webb's pleads the following facts. On two occasions, Chief Firefighter Joe Slocum intentionally damaged crops and equipment, costing the farm tens of thousands of dollars and two contracts. He also made

---

* The Court directs the Clerk to change the parties as indicated above. *Doc. 7 & 9.* Woodruff County replaces the Woodruff County sheriff's department as a named defendant for the reasons given in this Order.

racially disparaging remarks and death threats to a farm employee. Mayor Doyle Fowler conducted an illegal background check and threatened a farm employee who had reported the alleged crop damage to a media outlet. Officer Nick Watson arrested a farm employee without a warrant and used excessive force in the process; and Officer James Durham hindered payment of a bond. Thomas Kendrick conducted an illegal investigation, physically assaulted a farm employee, and made racially disparaging remarks and verbal threats.

Webb's has plausible claims under 42 U.S.C. § 1983 for unlawful arrest, excessive force, and due process and equal protection violations. *White v. Jackson*, 865 F.3d 1064, 1074 (8th Cir. 2017); *Burton v. Livingston*, 791 F.2d 97, 100-1 (8th Cir. 1986). Webb's also has plausible claims under 42 U.S.C. § 1981 for racial discrimination and retaliation. *Gregory v. Dillard's, Inc.*, 565 F.3d 464, 468-69 (8th Cir. 2009); *CBOCS West, Inc. v. Humphries*, 553 U.S. 442, 457 (2008). Any unlawful acts must have resulted from an unconstitutional policy or custom established by the defendants. *Artis v. Francis Howell North Band Booster Association, Inc.*, 161 F.3d 1178, 1181-82 (8th Cir. 1998). At the screening stage, Webb's has satisfied this element by alleging the defendants' overall purpose of closing down the farm, and the pervasiveness of the defendants' employees' actions towards the farm and its employees.

4. The Woodruff County sheriff's department, a named defendant, can't be sued. *Ketchum v. City of West Memphis, Arkansas*,

-2-

974 F.2d 81, 82 (8th Cir. 1992). The Court therefore construes claims against the department as claims against Woodruff County.

5. The Court directs the Clerk to prepare summonses for the defendants using the addresses provided by Webb's; the Woodruff County summons goes to the address provided in August. *Doc. 2 at 2.* The Court directs the U.S. Marshal for the Eastern District of Arkansas to serve the summonses, the amended complaint, *Doc. 11*, and this Order without prepayment of fees.

So Ordered.

*/s/* D.P. Marshall Jr.
D.P. Marshall Jr.
United States District Judge

8 April 2020