IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
NORTHERN DIVISION

WEBB'S PRODUCE FARMS
AND MARKET                                                                PLAINTIFF

v.                            No. 3:19-cv-357-DPM

CITY OF MCCRORY and
WOODRUFF COUNTY                                                        DEFENDANTS

ORDER

1. The City of McCrory's motion to dismiss, *Doc. 19*, is denied. The Court directed the Marshal to serve Defendants, *Doc. 12*; therefore, any defect is on the Court and will not justify dismissal. 28 U.S.C. § 1915(d); FED. R. CIV. P. 4(c)(3). The City's alternative request, to deem its answer timely filed, *Doc. 21*, is granted.

2. Woodruff County has not answered. Service is murky and must be re-done.

3. In sorting the service issues, the Court has revisited the parties and claims. The Court concludes that it stumbled in the screening. The following procedural history reveals the stumbles. And the Court must take some corrective steps.

In connection with an amended complaint, the Court granted Plaintiffs' request to change the parties. *Doc. 7 & 9*. Jeffery Webb and Christalynn Neal, who had been allowed to proceed both *in forma pauperis* and *pro se*, *Doc. 3*, were dropped and "Webb's Produce Farms

and Market" was added as Plaintiff. And the City of McCrory and Woodruff County were substituted for the previously named individual Defendants.

Thereafter, Webb's Produce filed an amended complaint making the following claims:

<u>City of McCrory Firefighter, Chief Joe Slocum</u> – Webb's Produce alleged that on two occasions, Slocum, while acting in his official capacity, intentionally destroyed portions of its crops and irrigation equipment. Webb's also alleged that Slocum once approached Jeffery Webb at a carwash and, while asserting his power as an officer of the law, intentionally tried to intimidate and threaten Webb with aggressive verbal racial assaults.

<u>McCrory Mayor Doyle Fowler</u> – Webb's Produce alleged that Mayor Fowler used his position to have Chief of Police Bradley Beavels run a background check on Jeffery Webb for improper purposes. Webb's Produce also alleged Mayor Fowler approached Webb at the courthouse and, using racial slurs, threatened him for reporting the property damage to an area news team.

<u>Jailer James Durham</u> – Webb's Produce alleged that Durham did three things: allowed Game & Fish Officer Thomas Kendrick to wear a firearm into an interrogation with Jeffery Webb; ignored Webb's asserted right to have counsel present; and intentionally interfered with Webb's attempts to secure bond.

<u>Officer Nick Watson</u> – Webb's Produce alleged Watson unlawfully recorded Jeffery Webb's tags while his car was parked on private property. Webb's Produce also alleged that Watson unlawfully arrested Webb while using excessive force, racial slurs, and threats.

<u>Game and Fish Officer Thomas Kendrick</u> – Webb's Produce alleged that Officer Kendrick, under the guise of an investigation, threatened and intimidated Jeffery Webb and Christalynn Neal by brandishing a weapon. Kendrick also supposedly used a racial slur and bumped Webb when they passed each other in a store, aiming to harass and intimidate him.

In the initial complaint, the individual Plaintiffs sought money damages and a temporary restraining order. *Doc. 2 & 6*. The Court denied the request for a TRO before Webb's Produce filed its amended complaint. *Doc. 9*. Although Webb's Produce loosely documented some property damage in its amended complaint, it did not identify what relief it is seeking through this suit.

The Court screened the amended complaint. *Doc. 12*; 28 U.S.C. § 1915(e)(2). The Court identified plausible claims under 42 U.S.C. § 1983 for unlawful arrest, excessive force, and due process and equal protection violations. *Doc. 12*. The Court also identified plausible claims under 42 U.S.C. § 1981 for racial discrimination and retaliation. *Doc. 12*. The Court construed the claims against the

Woodruff County Sheriff's Department as claims against Woodruff County. *Doc. 12.*

The changes allowed by the Court present problems. First, a corporation cannot proceed *pro se*. It must have a lawyer. *Ackra Direct Marketing Corp. v. Fingerhut Corp.*, 86 F.3d 852, 857 (8th Cir. 1996). The Court takes judicial notice of the Secretary of State's website, which reflects that Webb's Farms and Market is a corporation. https://www.sos.arkansas.gov/corps/search_all.php. Second, the claims Webb's Produce raised in the amended complaint cannot be asserted by a corporation. The entity "Webb's Produce" cannot be the subject of unlawful arrest, excessive force, or racial discrimination. The individual Plaintiffs can. The Court therefore vacates the part of its Order, *Doc. 9*, allowing the change in Plaintiffs. The Court directs the Clerk to amend the docket: Jeffery Webb and Christalynn Neal are restored as Plaintiffs; Webb's Produce is deleted.

Similarly, the Court should not have dismissed the individual Defendants because the identified claims can be pursued against an individual defendant as well as a public entity. *Burns v. Eaton*, 752 F.3d 1136, 1139 (8th Cir. 2014).

The Court therefore directs the Clerk to amend the docket sheet: the original Defendants named in their official capacity, and the City of McCrory and Woodruff County, are all reinstated as Defendants. The Court notes that, under *Ex parte Young*, only prospective injunctive

relief against state officials sued in their official capacities is permitted; therefore, no money damages are available against Kendrick in his official capacity. 209 U.S. 123.

The Court also directs the Clerk to issue summonses for all Defendants. The Marshal must serve each Defendant with a summons, a copy of the amended complaint, *Doc. 11*, and a copy of this Order and the Court's previous Order, *Doc. 12*, without requiring prepayment of fees and costs. The Marshal should serve Woodruff County through the Woodruff County Judge, County Administrator, or County Clerk by certified mail with a return receipt requested and delivery restricted. FED. R. CIV. P. 4(j)(2)(B); ARK. R. CIV. P. 4(f)(14).

So Ordered.

*/s/ DPMarshall Jr.*
D.P. Marshall Jr.
United States District Judge

9 July 2020